**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 19, 2020[*]
Decided May 21, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-1903

| | |
|---|---|
| GREGORY SCOTT, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:17-cv-638-RJD |
| | |
| ALFONSO DAVID and BLAKE WOODS, | Reona J. Daly, |
| *Defendants-Appellees.* | *Magistrate Judge.* |

**O R D E R**

Gregory Scott, formerly an Illinois prisoner, appeals the entry of summary judgment in favor of two prison healthcare providers. Scott alleged that they were deliberately indifferent to his health by continuing a prescription for his high cholesterol despite his repeated complaints of discomfort. Scott later suffered a retinal artery occlusion, leading to loss of vision in one eye, which he attributed to a reaction to the medicine. Because Scott provides no legal argument for disturbing the district court's judgment in favor of the two defendants, however, we dismiss the appeal.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

In a thorough opinion, the magistrate judge (presiding by consent of the parties, *see* 28 U.S.C. § 636(c)) explained why the evidence would not permit a rational factfinder to conclude that either defendant displayed deliberate indifference. Alfonso David, a prison doctor, had limited involvement with Scott's treatment, and there was no evidence that Scott had told him about his alleged intolerance to the medication before his eye injury. And Scott supplied no evidence that the nurse practitioner, Blake Woods, provided treatment that was "blatantly inappropriate" or that Woods's decisions were not the product of his medical judgment. Rather, Woods testified that he did not immediately change Scott's treatment regimen because the risks presented by uncontrolled cholesterol were more pressing than Scott's complaints of body aches. Finally, Scott lacked any evidence of a causal connection between the cholesterol medicine and his eye injury. Scott, who was represented by counsel in the district court but now proceeds pro se, appeals.

Scott's appellate brief does not comply with Federal Rule of Appellate Procedure 28(a). His two-page submission fails to advance any argument for disturbing the district court's judgment. *See* FED. R. APP. P. 28(a)(8)(A). Instead, Scott explains why his notice of appeal was tardy (a non-issue for our jurisdiction because the district court granted him an extension of time), and he asserts, without any support in the record, that a prison healthcare administrator had determined that the defendants were "at fault" for his eye injury.

David and Woods urge us to affirm the judgment because Scott has waived all arguments on appeal. True, arguments that are "underdeveloped, cursory, and lack supporting authority are waived." *Shipley v. Chicago Bd. of Election Comm'rs*, 947 F.3d 1056, 1063 (7th Cir. 2020). But dismissal is the better practice when an appellant fails to submit a minimally adequate brief. *See Anderson v. Hardman*, 241 F.3d 544, 545–46 (7th Cir. 2001). We construe pro se filings liberally, but Scott provides not even a barebones argument that he adduced sufficient evidence of deliberate indifference to withstand summary judgment. And we "cannot fill the void by crafting arguments and performing the necessary legal research." *Id.* at 545.

DISMISSED